UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD TOBIA,<br><br>    Plaintiff,<br><br>    v.<br><br>DOLLAR TREE STORES, INC., A California Corporation dba Dollar Tree Store # 4760; KEVIN WAMPLER; and DOES 1-10,<br><br>    Defendants. | No. 2:18-cv-871-MCE-EFB PS<br><br>ORDER |

Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.[1] His declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2). *See* ECF No. 2. Accordingly, the request to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a).

Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. As discussed below, plaintiff's complaint fails to establish subject matter jurisdiction and must be dismissed.

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1

1       Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519,
2 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it
3 fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*
4 *Corp. v. Twombly*, 550 U.S. 544, 562-563, 570 (2007) (citing *Conley v. Gibson*, 355 U.S. 41
5 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of
6 his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of
7 a cause of action's elements will not do. Factual allegations must be enough to raise a right to
8 relief above the speculative level on the assumption that all of the complaint's allegations are
9 true." *Id*. at 555 (citations omitted). Dismissal is appropriate based either on the lack of
10 cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal
11 theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).
12       Under this standard, the court must accept as true the allegations of the complaint in
13 question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the
14 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
15 *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading
16 requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a
17 complaint to include "a short and plain statement of the claim showing that the pleader is entitled
18 to relief, in order to give the defendant fair notice of what the claim is and the grounds upon
19 which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley*, 355 U.S. at 47).
20       Plaintiff brings this action against Dollar Tree Stores, Inc. and Devin Wampler, alleging
21 claims under the Americans with Disabilities Act ("ADA"), the California Unruh Civil Rights
22 Act ("Unruh Act"), the California Disabled Persons Act ("CDPA"), and a claim for negligence.
23 ECF No. 1. According to the complaint, plaintiff is an individual with a disability that limits his
24 vision and ability to walk, stand, grasp, push, pull, and reach. *Id*. at 1. Defendants are the owners
25 and operators of Dollar Tree Store No. 4760 (the "store") located at 441 Pioneer Ave, Ste. 110
26 Woodland, California. *Id*. at 11. The store is a business establishment and place of public
27 accommodation. The store's bathroom door has a round shaped knob, it does not have a ten-inch
28 kick plate for wheelchair users, and the door requires approximately ten pounds of pressure to

open. *Id.* at 12. Plaintiff encountered these barriers during visits to the store in 2017 and 2018. *Id.* at 13. Plaintiff further alleges that the removal of the barriers is readily achievable. *Id.*

Plaintiff's allegations state potentially cognizable claims under the ADA, the Unruh Act, and the CDPA. To state a Title III ADA claim, the plaintiff must allege "that (1) [he] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). Further, "[t]o succeed on a ADA claim of discrimination on account of one's disability due to an architectural barrier, the plaintiff must also prove that: (1) the existing facility at the defendant's place of business presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable." *Parr v. L & L Drive–Inn Rest.*, 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000). Accepting plaintiff's allegations as true, these allegations potentially establish a violation of Title III of the ADA. Additionally, any violation of the ADA necessarily constitutes a violation of the Unruh Act. Cal. Civ. Code § 51(f); *see also Munson v. Del Taco, Inc.*, 46 Cal.4th 661, 664, 94 Cal.Rptr.3d 685, 208 P.3d 623 (2009). Likewise, a violation of the ADA also constitutes a violation of the CDPA. Cal. Civ. Code § 54.1(d); *see Pickern v. Best Western Timber Cove Lodge Marina*, 194 F. Supp. 2d 1128, 1131 (E.D. Cal. 2002) (observing that the CDPA was "amended to provide that a violation of the ADA constitutes a violation [its] provisions.").

Plaintiff has also stated a potentially cognizable negligence claim based on a theory of negligence per se. Under California law, negligence may be presumed where (1) the defendant violated a statute, (2) the violation caused the plaintiff's injury, (3) the injury resulted from an occurrence the nature of which the statute was designed to prevent; and (4) the plaintiff suffering the injury was among the class of persons for whose protection the statute was adopted. *Galvez v. Frields*, 107 Cal. App. 4th 1410, 1420 (2001). Plaintiff alleges that defendant's "had a general duty and a duty arising under the" ADA, Unruh Act, and CDPA "to provide safe, convenient, and accessible facilitates." ECF No. 1 at 17. He further alleges that defendants breached that duty,
/////

which caused injury. *Id*. Liberally construed, these allegations state a potentially cognizable negligence claim.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis* (ECF No. 2) is granted.

2. The Clerk of Court shall send plaintiff one USM-285 form, one summons, a copy of the complaint, this court's scheduling order, and the forms providing notice of the magistrate judge's availability to exercise jurisdiction for all purposes.

3. Plaintiff is advised that the U.S. Marshal will require:

    a. One completed summons;

    b. One completed USM-285 form for each defendant;

    c. A copy of the complaint for each defendant, with an extra copy for the U.S. Marshal; and,

    d. A copy of this court's scheduling order and related documents for each defendant.

4. Plaintiff shall supply the United States Marshal, within 14 days from the date this order is filed, all information needed by the Marshal to effect service of process, and shall, within 14 days thereafter, file a statement with the court that said documents have been submitted to the United States Marshal.

5. The U.S. Marshal shall serve process, with copies of this court's scheduling order and related documents, within 90 days of receipt of the required information from plaintiff, without prepayment of costs. The United States Marshal shall, within 14 days thereafter, file a statement with the court that said documents have been served. If the U.S. Marshal is unable, for any reason, to effect service of process on any defendant, the Marshal shall promptly report that fact, and the reasons for it, to the undersigned.

6. The Clerk of Court shall serve a copy of this order on the United States Marshal, 501 "I" Street, Sacramento, CA 95814 (tel. 916-930-2030).

/////

/////

7. Failure to comply with this order may result in a recommendation that this action be dismissed.

DATED: July 17, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE